# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-1489-GW(JWJx) | Date | June 9, 2008 |
| Title | John Dejoseph v. Michaels Stores | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez/Andrea Keifer | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Mikael H. Stahle  
Mike Arias

Attorneys Present for Defendants:  
Gregory W. Knopp

**PROCEEDINGS:** **DEFENDANT MICHAEL STORES, INC'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE CLAIMS OF PLAINTIFF GINA MARTINEZ (Filed 05/16/08), and SCHEDULING CONFERENCE**

Hearing held. The Court and counsel confer.

The Court's tentative ruling is circulated (attached hereto). For reasons stated on the record, Defendant Michael Stores, Inc.'s Motion for Summary Judgment with Respect to the Claims of Plaintiff Gina Martinez is **taken under submission.**

The parties are to confer to resolve scheduling issues and to file a joint schedule order by 10:00 a.m. on July 3, 2008.

The Court **continues** the Scheduling Conference to **July 7, 2008 at 8:30 a.m.**

IT IS SO ORDERED.

: 10

Initials of Preparer JG/ALK

**DeJoseph v. Michaels Stores, Inc.**, Case No. CV 07-1489

Tentative Ruling on Motion for Summary Judgment with Respect to Claims of Plaintiff Gina Martinez

## I. Background

Plaintiff John DeJoseph filed a putative class action in Los Angeles County Superior Court on December 29, 2006 and defendant Michaels Stores, Inc. ("Defendant") removed the action to this Court. DeJoseph alleged that he was a salaried store manager at a "Michaels" store owned and operated by Defendant and that he was misclassified as an exempt employee. DeJoseph's Complaint alleged various violations of the California Labor Code (concerning an alleged failure to pay overtime compensation, failure to provide meal breaks, unlawful deductions from earnings and a failure to provide accurate itemized statements) and an unfair competition cause of action under California Business & Professions Code § 17200 *et seq.* DeJoseph later filed a First Amended Complaint which removed the unlawful deductions from earnings cause of action and which added Gina Martinez and Edward Goulding as class plaintiffs.

Defendant now moves for summary judgment as to Martinez's claims, arguing that she meets the "executive exemption" available under California's labor laws.

## II. Discussion

### A. Summary Judgment Standards

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a motion for summary judgment,

> [if] the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment[, but instead] must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.

*T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing, among other cases, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Elec.*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir.1991). The evidence presented by the parties must be admissible. *See* Fed.R.Civ.P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979). In addition, "a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). However, before concluding that there are no issues of material fact despite a plaintiff's affidavit which contradicts that party's earlier deposition testimony, the Court "must make a factual determination that the contradiction was actually a 'sham.'" *Id.* at 267.

An employee's exempt or non-exempt status may be an appropriate issue for resolution at the summary judgment stage. *See, e.g., Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1113-17 (9th Cir. 2001).

B. <u>Analysis</u>

Defendant argues that Gina Martinez was properly classified as exempt as a matter of law and that, therefore, all of her claims fail. As noted above, no party has explained what effect, if any, the executive exemption has on the meal break and improper wage statement claims. Defendant simply asserts that both claims are derivative of Martinez's overtime claim. It appears, however, that Cal. Code Regs., tit. 8, § 11070 ¶¶ 1(A)(1), 7(B) and 11, indicate that an employer does not have to comply with the meal break and wage statement requirements for employees who meet the executive exemption.

Persons employed in an executive capacity are exempt from California's overtime laws provided that they meet certain qualifications. *See* Cal. Labor Code § 515(a); 8 Cal. Code Regs., Tit. 8, § 11010 et seq. Wage Order 7-2001(A)(1) provides that an employee is exempt if:

> (a) [her] duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and

(b) [she] customarily and regularly directs the work of two or more employees therein; and
(c) [she] has the authority to hire or fire other employees or [her] suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
(d) [she] customarily and regularly exercises discretion and independent judgment; and
(e) [she] is primarily engaged in duties which meet the test of the exemption....
(f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

Cal. Code Regs., Tit. 8, § 11070 ¶ 1(A)(1). Exemptions are narrowly construed and are considered to be affirmative defenses to the employee's claims. *See Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785, 794 (1999). Defendant bears the burden here of showing that all elements of the exemption are established as to Martinez. *See id.* at 794-95; *Bell v. Farmers Ins. Exch.*, 87 Cal.App.4th 805, 828-29 (2001), *cert. denied sub nom., Farmers Ins. Exch. v. Bell*, 534 U.S. 1041 (2001); *see also Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 982 (9th Cir. 2002) ("Allstate's arson argument is an affirmative defense under substantive Oregon law, which controls in this diversity case.").

Upon review of the parties' papers, the following facts are not meaningfully disputed[1]: Martinez was promoted to the Store Manager position in June 2005 and held that position until she resigned in May 2007. *See* Statement of Genuine Issues in Opposition to Motion for Summary Judgment ("PSGI") ¶¶ 3, 5. Defendant's expectations of Martinez unquestionably spoke to their consideration of her (and her position) as meeting an "exempt" status. *See* PSGI ¶¶ 12-26. Martinez unquestionably understood at least certain of these expectations. *See* PSGI ¶ 32. Moreover, her performance in certain respects was consistent with the expectations. *See* PSGI ¶¶ 29-30, 32-56, 60-62, 72.

---

[1] Although Martinez repeatedly claims that she felt she had very little authority to run her store the way she wanted or to hire particular classifications of employees because of what she characterizes as Defendant's corporate micro-management, *see* Martinez Class Cert. Decl. ¶¶ 8-9 (attached as Exh. C to Stahle Decl.) and Martinez 5/23/08 Decl. ¶¶ 2-3, her testimony of her actual performance demonstrates that there is no dispute that she "regularly" exercised discretion and independent judgment, even if there is also no dispute that she regularly had input and some measure of oversight from higher in Defendant's corporate hierarchy. Ultimately, however, if the Court concludes that there is a triable issue of fact with respect to whether Martinez spent the majority of her time on managerial tasks, whether Martinez's dispute as to her discretionary powers is "genuine" or not is somewhat irrelevant on this motion.

Martinez also made decisions consistent with exercising managerial discretion. *See, e.g.*, PSGI ¶¶ 69-70.

The only element which Martinez meaningfully disputes in her Opposition is whether she was primarily engaged in duties meeting the test of the exemption – i.e, whether she spent more than 51% of her time on managerial tasks. *See* Martinez's Opposition at 2:15-28; PSGI ¶¶ 63-64; Martinez Class Cert. Decl. ¶ 6 (attached as Exh. C to Stahle Decl.). Defendant asserts that Martinez admitted that she spent approximately 50 percent of time engaged in activities constituting the "day-to-day duty [of] a manager" and answering constant employee and customer inquiries. *See* PSGI ¶ 64. It then argues that, coupled with her admissions throughout her deposition that she routinely performed various other tasks (as referenced in the PSGI paragraphs cited above), it is clear that she spent more than 50 percent of her time on duties meeting the standards for the executive exemption.

Defendant argues, under *Kennedy*, that Martinez's Declaration is a form of sham testimony designed to create a triable issue of fact on the issue in that it contradicts her deposition testimony. In support of paragraph 64 of its Separate Statement (which addresses the issue in controversy), Defendant cited the following pages and lines of Martinez's deposition: 97:9-18, 99:5-100:6, and 159:21-160:3. In response, Martinez contends that she was only testifying about her work on the sixth day of weeks where she would work six days, not about her work schedule in general, and cites the following portions of her deposition testimony: 96:3-100:25, 160:8-10, and 237:5-16. *See* PSGI ¶ 64.

Defendant's description of Martinez's testimony is generally accurate (though the line of questioning and answers does not enjoy overwhelming clarity). Contrary to Martinez's characterization of her testimony at ¶ 64 of the PSGI, she clearly testified that she spent about 50 percent of her time <u>throughout the week</u> responding to employee[2] inquiries – "[b]asically everyday questions that you can't ignore them about," in other words, "the day-to-day duty as a manager." *See* Stahle Decl., Exh. A at 96:14-24, 97:9-24,

---

[2] Defendant describes these as both employee and customer inquiries, but the context of Martinez's deposition answers suggests that she testified almost entirely (if not exclusively) about questions from employees. *See* Stahle Decl., Exh. D at 96:14-21, 99:5-12, 100:16-25.

98:25-100:2. In fact, in a portion of her deposition transcript that she herself spotlights, she testified that she spent the majority of her time training and showing her employees what to do. *See* Stahle Decl., Exh. D at 237:5-16.

However, Martinez's counsel presents evidence that he planned on questioning Martinez following the completion of Defendant's portion of her deposition, but the deposition adjourned and was never reconvened. *See* Stahle Decl. ¶¶ 2-3 & Exh. A at 242:12-18; *id.*, Exh. B. As such, it would be difficult to conclude under *Kennedy* that Martinez's Declarations filed in support of either the class certification motion or the instant motion were "sham" declarations. Absent such a finding, there appears to be a triable issue of fact at least with respect to the time Martinez spent on "duties which meet the test of the exemption." The Court will therefore deny the motion.